```
UNITED STATES DISTRICT COURT                        For Online Publication Only
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ABNER MORISSET JR., #16-A-1158,

                        Plaintiff,
                                                    ORDER
            -against-                               16-CV-3908 (JMA)(AYS)

COUNTY OF NASSAU, Criminal Term Part 13,
Supreme Court of the State of New York; MADELINE
SINGAS, Nassau County District Attorney;

                        Defendants.
-------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On July 6, 2016, incarcerated *pro se* plaintiff Abner Morisset Jr. ("plaintiff") filed a *in forma pauperis* complaint in this Court against the County of Nassau, Criminal Term Part 13, Supreme Court of the State of New York ("NYS Supreme Court"); and Nassau County District Attorney Madeline Singas ("DA Singas" and together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Because plaintiff did not filed the required Prisoner Litigation Reform Act authorization form ("PLRA") together with the complaint, by Notice of Deficiency dated July 14, 2016 (the "Notice"), plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days from the date of the Notice. On July 21, 2016, plaintiff timely filed the PLRA. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b) for the reasons that follow.

## I. BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's brief, handwritten complaint is submitted on the Southern District of New York's Section 1983 complaint form and alleges the following in its entirety:[2]

> On May 17, 2015 I was rearrested by the Nassau County District Attorney's Office for the crime of Burg. 2nd (140.25(2)). The crime that the D.A. accused me of happened on Sept. 1st of 2104. Due to me being wrongfully accused of said crime the Court put another bail on me for $25,000. At the time I was already on Rikers Iland fighting a case Burg 3rd with a bail of $35,000. At the time Nassau County D.A. Office wrongfully accused me of this crime I was in the process of bailing out but because of the new bail of $25,000 I was unable to get a chance to be their when my Aunt was laid to rest.

(Compl. ¶ II.D.) As a result of the foregoing, plaintiff claims to have suffered "emotional pain, suffering and mental anguish" and seeks to recover a damages award in the sum of $7.5 million. (Id. ¶¶ III,V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma*

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, grammar, and punctuation have not been corrected or noted.

*pauperis* is granted.

**B.      Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1.    Claims Against the NYS Supreme Court and DA Singas**

Plaintiff's claims against the NYS Supreme Court and DA Singas must be dismissed because states, their agencies, and state officials acting in their official capacities are protected by

4

sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacities, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted). "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191 (2d Cir. 2010).

The NYS Supreme Court is an agency of the State. See Brown v. N.Y. State Supreme Court for the Second Judicial Dist., No. 09-CV-234, 2009 WL 412131, at *2 (E.D.N.Y. Feb. 17, 2009). Accordingly, plaintiff's claims against the NYS Supreme Court are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii).

Plaintiff's claims against DA Singas must also be dismissed because state officials acting in their official capacities are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst, 465 U.S. at 100. The Eleventh Amendment bars suits for damages against state officials acting in their official capacities absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama, 531 U.S. at 363; Will, 491 U.S. at 71.

The Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal

5

court."). Where, such as here, a district attorney is sued for damages in his or her official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. See Amaker v. N.Y. State Dept. of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) (holding that district attorney represents State not county and so is entitled to Eleventh Amendment immunity)). Thus, the Eleventh Amendment precludes any claim for monetary damages against DA Singas in her official capacity. See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

Finally, to the extent that plaintiff seeks to bring a Section 1983 claim against DA Singas in her individual capacity, such a claim fails. In order to state a plausible claim for relief under Section 1983, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); McCoy v. Goord, 255 F. Supp. 2d 233, 245 (S.D.N.Y. 2003) (explaining that to state a Section 1983 claim for damages against an individual defendant, a plaintiff must allege specific facts to show that each defendant was directly or personally involved in the alleged violation, "that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'") (quoting Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

In Colon v. Coughlin, the Second Circuit identified five ways to demonstrate a supervisory defendant's personal involvement:

(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.[3]

58 F.3d 865, 873 (2d Cir. 1995) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). An individual, however, "cannot be held liable for damages under Section 1983 merely because he held a high position of authority." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004).

Plaintiff's complaint does not include any allegations suggesting that DA Singas was personally involved in any of the allegedly unconstitutional conduct alleged in the complaint. Therefore, the Court dismisses any individual capacity claim against DA Singas.

For the reasons stated above, plaintiff's claims against the NYS Supreme Court and DA Singas are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b)(1-2).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5

---

[3] The Second Circuit has yet to determine whether the Supreme Court's decision in Iqbal, 556 U.S. 662, altered the requirements for showing supervisory liability under Colon. See Shaw v. Prindle, 661 F. App'x 16, 18 n.2 (2d Cir. Sept. 1, 2016) (citing Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013)). The Court need not resolve that difficult question here because, as discussed below, plaintiff fails to plead DA Singas's personal involvement under any of the tests identified in Colon.

7

(E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defects in plaintiff's claims against the NYS Supreme Court and DA Singas in her official capacity are substantive, and could not be cured in an amended complaint, leave to amend the complaint would be futile and is thus denied. Moreover, nothing in the complaint suggests that plaintiff would be able, in an amended complaint, to allege a plausible claim against DA Singas in her individual capacity.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claims are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b). The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**          ___/s/ (JMA)_____
                         Joan M. Azrack
Dated: November 13, 2017          United States District Judge
       Central Islip, New York